09-3436-ag (L)
Rahim v. Holder

BIA
A073 556 822
A073 556 823

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of January, two thousand eleven.

PRESENT:
> JON O. NEWMAN,
> REENA RAGGI,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

TASNINA RAHIM, MD MAHMUDUR RAHIM,
> *Petitioners,*

> v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

09-3436-ag (L)
09-3440-ag (Con)
NAC

_____

FOR PETITIONERS:   Salim Sheikh, New York, New York

FOR RESPONDENT:    Tony West, Assistant Attorney General; David V. Bernal, Assistant Director; Lindsay E. Williams, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners, natives and citizens of Bangladesh, seek review of the July 21, 2009 order of the BIA denying their motion to reopen. *In re Rahim*, No. A073 556 823/822 (B.I.A. July 21, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As a preliminary matter, we note that because our review is limited to the BIA's decision of July 2009, Petitioners' challenges to the agency's earlier decisions – *i.e.*, the 1996 decision of an immigration judge ("IJ") and the BIA's 1998 decision dismissing Petitioners' appeal of the IJ's decision – are not properly before us. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005); *see also Stone v. INS*, 514 U.S. 386, 405-06 (1995). Accordingly, we do not reach Petitioners' challenge to the IJ's adverse credibility determination.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). To the extent the BIA evaluated evidence of

2

changed country conditions, we review its findings for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

The BIA did not abuse its discretion in denying Petitioners' motion to reopen as untimely. A motion to reopen must generally be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened. 8 C.F.R. § 1003.2(c)(2). There is no dispute that Petitioners' motion to reopen, filed in December 2008, more than ten years after the BIA affirmed the IJ's denial of their asylum application, was untimely. Furthermore, the BIA did not err in concluding that Petitioners failed to demonstrate a material change in country conditions as required to warrant consideration of their untimely motion, *see* 8 C.F.R. § 1003.2(c)(3)(ii), because the evidence they submitted did not rebut the agency's prior adverse credibility determination. *See Kaur v. BIA*, 413 F.3d at 234.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in

3

this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk